UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

In the Matter of the Application of ASTRONICS
ADVANCED ELECTRONIC SYSTEMS CORP.,
Petitioner, for an Order Pursuant to 28 U.S.C. § 1782      **MEMORANDUM & ORDER**
to Take Discovery, Pursuant to the Federal Rules           12-CV-2210 (MKB)
of Civil Procedure, of Respondent DEUTSCHE
LUFTHANSA AG for Use in a Foreign Proceeding.

----------------------------------------------------------------x

MARGO K. BRODIE, United States District Judge:

      Petitioner Astronics Advanced Electronic Systems Corp. ("AES") filed the instant

application pursuant to 28 U.S.C. § 1782, seeking an order directing Deutsche Lufthansa AG

("Lufthansa") to produce documents and provide testimony in accordance with the Federal Rules

of Civil Procedure for use in a proceeding currently pending in Mannheim Regional Court in

Germany (the "Mannheim Proceeding"). The Mannheim Proceeding is a patent infringement

action that Lufthansa Technik ("Technik"), a wholly-owned subsidiary of Lufthansa, initiated

against AES. Technik claims that AES infringed on its patent—known as the EP '145 patent. In

the Mannheim Proceeding, AES has asserted that the EP '145 patent is unenforceable due to

laches and that AES's accused product sales in Germany are authorized by a license between

Technik and Kid-System GmbH (the "KID license"). AES is now seeking documents from

Lufthansa related to AES's laches defense and license defense.

      Technik previously filed a Section 1782 application against AES in the Western District

of Washington, seeking documents related to the accused products and documents related to

AES's laches defense. (Reply Declaration of Joseph Saphia ("Saphia Reply Decl.") Ex. 2 at ¶

38.) Technik's request was granted, in part, including its request for documents related to AES's

laches defense.  (Declaration of Joseph Saphia in Support of Application ("Saphia Decl.") Ex .1

at 8.)  AES sought reciprocal discovery but that request was denied as untimely.  (Saphia Decl.

Ex. 2 at 2.)  AES then filed a Section 1782 application against Technik in the Western District of

Washington, seeking essentially the same discovery being sought in the application before this

Court, but directly from Technik.  (Pet'r App. ¶ 51.)  The district court in the Western District of

Washington has yet to rule on AES's application.

A district court may order a person to produce discovery in a foreign legal proceeding

pursuant to 28 U.S.C. § 1782 if "(1) the person resides in the district of the district court to which

the application is made; (2) the discovery is for use in the foreign legal proceeding; and (3) the

application is made by a 'foreign or international tribunal' or 'any interested person.'"  *Gushlak*

*v. Gushlak*, Nos. 11-CV-2584 and 11-CV-3808, 2012 WL 2549813, at *2 (2d Cir. July 3, 2012).

Section 1782 "authorizes, but does not require," a federal district court to provide assistance in

obtaining documents.  *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 255 (2004).

Therefore, if the statutory requirements have been met, the court must decide whether and to

what degree Section 1782 discovery should be permitted.  *Id.*  In *Intel*, the Supreme Court

identified four factors to aid courts in determining whether or not to exercise their discretion:  (1)

whether "the person from whom the discovery is sought is a participant in the foreign

proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway

abroad, and the receptivity of the foreign government or the court or agency abroad to U.S.

federal-court judicial assistance"; (3) "whether the § 1782(a) request conceals an attempt to

circumvent foreign proof-gathering restrictions or other policies of a foreign country or the

United States"; and (4) whether the discovery requests are "unduly intrusive or burdensome."  *Id.*

at 264–65.

Lufthansa argues that AES cannot meet the statutory requirements of Section 1782 because the statute does not extend to documents located outside of the United States. This Court agrees. The Second Circuit has stated in dicta that documents located outside of the United States are not discoverable under Section 1782. *In re Sarrio, S.A.*, 119 F.3d 143, 147 (2d Cir. 1997) ("[D]espite [Section 1782's] unrestrictive language, there is reason to think that Congress intended to reach only evidence located within the United States."); *see also In re Edelman*, 295 F.3d 171, 176–77 (2d Cir. 2002) (noting that prior Second Circuit dicta suggests that Section 1782(a) "only authorizes discovery of documents located in the United States"). In addition, a number of courts within this Circuit have held that evidence discoverable under Section 1782(a) must be located in the United States. *See, e.g.*, *In re Godfrey*, 526 F. Supp. 2d 417, 423–24 (S.D.N.Y. 2007) ("The bulk of authority in this Circuit, with which this Court agrees, holds that, for purposes of § 1782(a), a witness cannot be compelled to produce documents located outside of the United States."); *In re Microsoft Corp.*, 428 F. Supp. 2d 188, 194 n.5 (S.D.N.Y. 2006) ("§ 1782 does not authorize discovery of documents held abroad.").

Section 1782 is intended to "make available evidence located in the United States." *In re Godfrey*, 526 F. Supp. 2d at 423; *see* Hans Smit, *American Assistance to Litigation in Foreign and International Tribunals: Section 1782 of Title 28 of the U.S.C. Revisited*, 25 Syracuse J. of Int'l L. & Com. 1, 11 (1998) ("[T]he evident purpose of Section 1782 is to make available to foreign and international tribunals and litigants evidence to be obtained in the United States. Thus, a harmonious scheme is established: Evidence in Spain is obtained through proceedings in Spain, evidence in Great Britain is obtained through proceedings in Great Britain, and evidence in the United States is obtained through proceedings in the United States."). AES is attempting to use Section 1782 to obtain evidence that is located in Germany in the possession of a German

3

Corporation that is AES's adversary in a German proceeding.   Such an application contradicts the purpose of the statute.

Furthermore, even if Section 1782 were to permit discovery of documents outside of the United States, the *Intel* factors weigh against granting AES's application.  "The first factor weighs against granting discovery where the person from whom discovery is sought is a participant in the foreign proceeding." *In re Microsoft Corp.*, 428 F. Supp. 2d at 193.  Although Lufthansa is not a party to the Mannheim Proceeding, AES is requesting that Lufthansa obtain documents and information from Technik.  Because the documents sought are in the possession of Technik, the documents are within "the foreign tribunal's jurisdictional reach." *Intel*, 542 U.S. at 264; *In re Microsoft Corp.*, 428 F. Supp. 2d at 194 ("While IBM and Cleary Gottlieb are not 'participants,' *per se*, in the underlying antitrust proceeding, . . . [t]he relevant inquiry is whether the evidence is available to the foreign tribunal.").  The first factor weighs against AES.

The second and third factors examine whether the foreign proceeding is receptive to assistance from a U.S. federal court and whether the petition is attempting to conceal "an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 265.  Lufthansa acknowledges that, as a general matter, German courts are receptive to Section 1782 discovery assistance but argues that this "general consideration is inapplicable here because the Mannheim court has already considered AES's request that Technik produce the KID license and has ruled that the KID license and AES's license defense is not relevant to that case." (Resp't Opp'n 22–23.)  AES concedes that the Mannheim court denied its request that Technik be ordered to produce the KID license. (Declaration of Christian Stoll ("Stoll Decl.") at ¶ 17.)  However, AES claims that its request was only denied because it was premature. *Id.*  Even if AES is correct, and the request was

4

denied as premature, AES should renew its request to the Mannheim court.  In light of the

Mannheim court's prior ruling, this Court finds that the second and third factors weigh against

granting AES's application.

The final factor the Court considers is whether the discovery requests are "unduly

intrusive or burdensome."  *Intel*, 542 U.S. at 265.  The Court finds that AES's discovery requests

would be "unduly intrusive" because Lufthansa is not a party to the Mannheim Proceeding and is

not in possession of the documents AES seeks.  Although the Court agrees with AES that

Lufthansa has "control" over Technik for the purposes of the Federal Rules of Civil Procedure,[1]

the Court finds no basis for forcing Lufthansa to produce Technik's documents.  The discovery

that AES requests is in the possession of Technik, an independent subsidiary.  (Declaration of

Steffen Heyn ("Heyn Decl.") at ¶¶ 4–5.)  Technik is headquartered in a different city in

Germany, has its own legal department, accounting system and management team.  *Id.* at ¶¶ 15–

16, 20.  AES has failed to demonstrate why this Court should burden Lufthansa with obtaining

and producing documents that are in Technik's possession, especially where, as here, Technik is

---

[1] Lufthansa argues that it cannot be compelled to produce documents in Technik's possession under the Federal Rules of Civil Procedure because it does not have possession or control of the documents.  Under the Federal Rules of Civil Procedure, a discovery request can be served on any party that has "possession, custody or control" of the discovery request.  Fed. R. Civ. P. 34(a).  "Control is defined not only as possession, but as the legal right to obtain the documents requested upon demand."  *Linde v. Arab Bank, PLC*, 262 F.R.D. 136, 141 (E.D.N.Y. 2009).  Courts in this Circuit have repeatedly held that "the parent of a wholly-owned subsidiary is required to produce documents which its subsidiary possesses."  *In re Ski Train Fire of November 11, 2000 Kaprun Austria*, No. MDL 1428, 2006 WL 1328259, at *5 (S.D.N.Y. May 16, 2006) (collecting cases).  In fact, Technik, represented by the same counsel that represents Lufthansa in the instant action, previously sought discovery of documents in AES's possession from AES's parent company, Astronics Corporation, under the theory that Astronics Corporation controlled AES.  *Lufthansa Technik AG v. Astronics Corp.*, No. 11-CV-628A, 2011 WL 3957509, at *3 n.1 (W.D.N.Y. Sept. 7, 2011) ("Lufthansa is generally correct that 'a parent corporation has a sufficient degree of ownership and control over a wholly-owned subsidiary that it must be deemed to have control over documents located with that subsidiary.'" (quoting *Dietrich v. Bauer*, No. 95 Civ. 7051 (RWS), 2000 WL 1171132, at *3 (S.D.N.Y. Aug. 16, 2000) (citations omitted)).  Accordingly, the Court finds that Lufthansa has control over Technik.

a party to the underlying proceeding.  Accordingly, the Court finds that all four of the *Intel*

factors weigh against granting AES's application.

     For the foregoing reasons, AES's application is denied.


SO ORDERED:


      s/MKB
_____
MARGO K. BRODIE
United States District Judge


Dated: July 31, 2012
       Brooklyn, New York